```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BECKLEY
```

MOUNTAIN STATE UNIVERSITY, INC.,

    Plaintiff,

v.                            CIVIL ACTION NO. 5:14-16682

THE HIGHER LEARNING COMMISSION,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion for leave to amend its Complaint. (Doc. No. 26). Plaintiff seeks leave of the court to amend its complaint "for the purpose of clarifying and more succinctly stating the bases for its claims." Motion to Amend at p. 1. Defendant opposes the proposed amendment.

## Background

According to the Complaint, Mountain State University ("MSU") was a private, § 501(c)(3) non-profit institution of higher education incorporated in West Virginia. Complaint ¶ 4. Defendant, the Higher Learning Commission ("HLC") is the regional accrediting agency for degree-granting post-secondary educational institutions in West Virginia. See id. at ¶ 8. On or about June 28, 2012, the HLC decided to withdraw MSU's accreditation effective August 27, 2012. See id. at ¶ 70. Because of this loss of accreditation, MSU was forced to close its doors. It is HLC's withdrawal of MSU's accreditation and the events leading thereto that is the focus of the instant lawsuit.

## Analysis

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleading "once as a matter of course at any time before a responsive pleading is served . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  In Foman v. Davis, 371 U.S. 178, 182 (1962), the United States Supreme Court noted that amendment under Rule 15(a) should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."

However, "[o]nce the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b) [of the Federal Rules of Civil Procedure].  If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D.W. Va. 1995) (citing Lone Star Transp. Corp. v. Lafarge Corp., Nos. 93-1505, 93-1506, 1994 WL 118475 (4th Cir. April 7, 1994)).  "Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." Montgomery

v. Anne Arundel County, 182 F. App'x 156, 162 (4th Cir. May 3, 2006). Because the motion to amend was filed after the deadline for the amendment of pleadings contained in the scheduling order, Rule 16(b)'s good cause requirement must be satisfied in this instance.

The deadline for the amendment of pleadings in this matter was December 31, 2014. Plaintiff's motion to amend was filed three weeks later, on January 21, 2015. According to plaintiff, its delay in seeking leave to amend was a result of the significant time and effort it had to expend in wrapping up the affairs of MSU - - specifically, its efforts in attempting to obtain approval of a limited fund class action settlement and in selling off MSU's real and personal property.

After a review of the record, the court finds that MSU has shown good cause for seeking leave to amend outside the deadline for doing so. MSU's motion was filed a mere three weeks after the deadline for doing so had passed. Furthermore, the court agrees with MSU that its efforts related to the class action settlement and liquidation of assets would be time-consuming. In weighing these factors, the court cannot find that plaintiff has not been diligent in seeking leave to amend.

The court also concludes that there has been no undue delay, bad faith, or dilatory motive on the part of plaintiff in filing its motion to amend. Nor can the court find that such an

3

amendment would be futile.  Furthermore, despite defendant's argument to the contrary, the court does not find that the HLC would suffer undue prejudice by the filing of the amended complaint.  Defendant's efforts in defending this lawsuit thus far would not be wasted as the claims raised in the amended complaint are the same ones raised originally.

Based on the foregoing, plaintiff has established that it is entitled under Rules 15 and 16 to amend its Complaint.  Accordingly, the motion to amend is **GRANTED** and the Clerk is directed to file the amended complaint (attached to the motion to amend).  Furthermore, because of the court's ruling on the motion to amend, defendants' motion to dismiss (Doc. No. 6) is **DENIED** without prejudice as moot.*  If it chooses, defendant may renew its motion to dismiss by refiling the same motion or file a new motion responsive to the amended complaint if appropriate.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

---

\*     "As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." Young v. City of Mt. Ranier, 238 F.3d 567, 572 (4th Cir. 2001). "Thus, a defendant's previous motion to dismiss is rendered moot when a plaintiff files an amended complaint." Sennott v. Adams, C/A No. 6:13-cv-02813-GRA, 2014 WL 2434745, *3 (D.S.C. May 29, 2014) (declining to consider defendants' motion to dismiss as applicable to amended complaint "[d]ue to complexity of this case, and because Plaintiff's amendments seek to remedy the defects raised in Defendants' Motion to Dismiss").

**IT IS SO ORDERED** this 24th day of June, 2015.

          ENTER:

          *David A. Faber*
          David A. Faber
          Senior United States District Judge