IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **MOUNTAIN STATE UNIVERSITY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:14-16682 |
| | ) | |
| **THE HIGHER LEARNING COMMISSION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has filed a Motion to Compel Discovery. (Document No. 41.) Defendant filed a Response in Opposition to Plaintiff's Motion to Compel Discovery and a Memorandum in Support. (Document No. 45 and 46.) Plaintiff filed a Reply. (Document No. 55.) Defendant filed a Supplemental Memorandum in Support of its Opposition to Plaintiff's Motion to Compel, Notifying the Court of New Fourth Circuit Precedent. (Document No. 56.) Having examined the record and considered applicable law, the undersigned has determined that Plaintiff's Motion to Compel (Document No. 41.) should be denied.

## BACKGROUND, PLAINTIFF'S MOTION AND DEFENDANT'S RESPONSE

Plaintiff filed its Complaint initiating this matter on May 20, 2014. (Document No. 1.) Plaintiff claims that Defendant, a regional college and university accrediting agency, (1) withdrew Plaintiff's accreditation in violation of Plaintiff's common law right of due process (Counts I and II), (2) acted with gross negligence in reaching its decision to withdraw Plaintiff's accreditation (Count III), and (3) tortiously interfered with Plaintiff's contractual relationship with its students (Count IV).

Plaintiff filed a Motion to Compel Discovery on February 27, 2015. (Document No. 41.) Plaintiff states that as the parties were engaging in discovery in January, 2015, Plaintiff notified Defendant that it wanted to take the depositions of nine persons which Defendant had identified in its Rule 26(a) disclosures as persons who may have discoverable information and requested that Defendant let Plaintiff know when it could do so. Plaintiff states that in response, Defendant informed Plaintiff that many of the persons Plaintiff wanted to depose were not Defendant's employees and Plaintiff's request did not explain why it wanted to take the depositions or indicate that the depositions would be limited in scope to matters which were the subject of administrative proceedings before Defendant in which Defendant decided to terminate Plaintiff's accreditation. Plaintiff states that Defendant did not contend that the scope of discovery should be limited to matters which were the subject of the administrative proceedings in if Rule 26(a) disclosures and had only stated so once in this matter in a footnote in its Reply to Plaintiff's Response to its Motion to Dismiss. Plaintiff asserts that this is not an injunction action against a governmental agency under the Administrative Procedure Act but rather is a civil action against a private party for monetary damages. Plaintiff contends that the scope of review of the Plaintiff's decision "involves examining whether the entity followed necessary procedural requirements, and looks at whether there has been a clear error in judgment, among other factors." Plaintiff urges that information developed through the depositions which it wants to take will be within this scope evidencing, among other things, whether Defendant deviated from past practice in its decisional process in deciding to terminate Plaintiff's accreditation, its decision was supported by substantial evidence and relevant evidence existed beyond that considered in the administrative record which Defendant chose to ignore. Plaintiff requests that the Court order Defendant "to participate in the requested depositions by

2

providing available dates to counsel . . . and otherwise cooperating in the scheduling and taking of the depositions . . ..."

Defendant filed a Response in Opposition to Plaintiff's Motion to Compel Discovery and a Memorandum in Support on March 16, 2015. (Document No. 45 and 46.) Defendant asserts that in reviewing decisions of accreditation agencies as in reviewing decisions of governmental administration agencies, Courts look no farther than, and do not permit discovery beyond, the administrative record which the agency relied upon it reaching its decision. Thus, Defendant contends that "Plaintiff's attempt to expand the scope of review in this case beyond the comprehensive administrative record has absolutely no basis in law or fact." Second, Defendant states that of the nine persons Plaintiff is interested in deposing , none are parties and seven are not Defendant's employees. Defendant claims that the Federal Rules of Civil Procedure do not countenance depositions of persons who are not parties or Defendant's employees *via* motion to compel. Rather, such depositions should be subpoenaed under Federal Rule of Civil Procedure 45.

Plaintiff filed a Reply on March 23, 2015. (Document No. 55.) Plaintiff cites Defendant's policies allowing Defendant to admit and exclude documents and information from the administrative record in deciding to withdraw Plaintiff's accreditation,. Plaintiff states that "it is possible that there are documents and information that relate to [Plaintiff]'s accreditation that, for whatever reason, may have been excluded from the administrative record." Plaintiff asserts that in order to determine if Defendant acted arbitrarily in deciding to withdraw Plaintiff's accreditation, it should be entitled to learn through discovery including the depositions of witnesses what, if any, documents and information Defendant excluded from the administrative record. Plaintiff states that "potentially leaving documents outside of the administrative record, especially if they are arguably

helpful to [Plaintiff], would be unfair and would result in an unjust situation." Plaintiff reiterates this is a civil action in which it is claiming, among other things, that Defendant acted arbitrarily in terminating Plaintiff's accreditation and seeking monetary relief. This is not an appeal of an administrative decision. Plaintiff urges that "the discovery rules typically associated with administrative actions should not apply in this case." Finally, Plaintiff asserts that as its Motion to Compel addresses a dispute between the parties respecting a discovery dispute, it is properly filed pursuant to Federal Rule of Civil Procedure 37.

On March 25, 2015, Defendant filed a Supplemental Memorandum in Support of its Opposition to Plaintiff's Motion to Compel, Notifying the Court of New Fourth Circuit Precedent. (Document No. 56.) Defendant cites the Fourth Circuit's decision in Professional Massage Training Center, Inc., v. Accreditation Alliance of Career Schools & Colleges, 781 F.3d 161 (4th Cir. 2015). In that case, the plaintiff sued Defendant, a private accreditation agency over the agency's denial of its application for re-accreditation alleging violation of common law due process, breach of contract, negligence, and tortious interference with business and contractual relations. The District Court entered judgment for plaintiff and awarded monetary damages and full reinstatement of accreditation. The Fourth Circuit reversed the District Court's rulings stating as follows and Defendant indicates:

> The district court's review here did not adhere to the appropriate standard in a number of regards. The court greatly expanded the administrative record, held a full multi-day bench trial, received depositions and live testimony in a way that sought to make itself the primary investigator and finder of fact, and went far beyond the focus on procedural fairness to refashion the accreditation decision on the merits. To that end, the district court was remedially aggressive not only in its awarding of a large amount of damages, but also in ordering that the institution in question be re-accredited, thereby overturning the judgment and expertise of an agency that in this case rested on a sound and supportable basis. All in all, and without question, the district court conducted an impermissible de novo review.

Professional Massage Training Center, Inc., 781 F.3d at 172. Defendant asserts that "[b]ased upon this reasoning, . . . [Plaintiff] is not permitted to take the requested depositions and impermissibly expand the scope of discovery."

## **DISCUSSION**

Plaintiff in this case basically claims that Defendant reached its decision to withdraw Plaintiff's accreditation arbitrarily and through gross negligence. The Court's focus in considering Plaintiff's claims is Defendant's decision. The procedure which Defendant employed and information and documents comprising the record which Defendant considered in reaching its decision are therefore in issue. It is well established that in considering an accrediting agency's decision, Court's are generally limited to examining the record which was before the accrediting agency at the time it reached its decision. Courts may, however, look beyond the record when certain circumstances are evident. For example, as the Fourth Circuit stated in Professional Massage Training Center, Inc., "[a] federal court may be justified in conducting a more searching inquiry into motivations of administrative decisionmakers in the case of 'a strong showing of bad faith or improper behavior.'" Professional Massage Training Center, Inc., 781 F.3d at 177 - 178, quoting Citizens to Preserve Overton Park, Inc., v. Volpe, 410 U.S. 402, 420, 91 S.Ct. 814, 28 L.Ed. 2d 136 (1971), abrogated on other grounds by Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). See also Sojourner-Douglass College v. Middle States Association of Colleges and Schools, 2015 WL 5091994 at *32 (D.Md.). Courts may also look beyond the record when it is evident that personal bias entered into the decisional process. Professional Massage Training Center, Inc., 781 F.3d at 178; see also Foundation for Interior Design Education Research v. Savannah College of Art and Design, 39 F.Supp. 2d 889, 897 (W.D.Mich, 1998). Courts have likewise limited

discovery to matters of record before accrediting agencies in making accreditation decisions unless bad faith, improper behavior or bias is evident. Foundation for Interior Design Education Research v. Savannah College of Art and Design, 39 F.Supp. 2d at 897; Philadelphia Wireless Technical Institute v. Accrediting Commission of Career Schools and Colleges of Technology, 1998 WL 744101 at * 9 - 10 (E.D.Pa.).

Plaintiff has indicated that in taking the depositions of the nine witnesses it intends to inquire about documents and information beyond the record which Defendant considered in reaching its decision to terminate Plaintiff's accreditation. Plaintiff does not contend that circumstances exist which permit inquiry beyond the record or explain otherwise how the extraneous documents and information might be material or relevant to the Court's inquiry in this matter. Rather, it appears that Plaintiff is speculating that such documents and information exist and may have some relevance to this proceeding. Considering the limited scope of the Court's inquiry in this matter and the general principle that discovery on the basis of mere speculation is prohibited, the Court will deny Plaintiff's Motion to Compel the depositions of the nine persons.

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Compel (Document No. 41.) is **DENIED**.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel of record.

ENTER: September 30, 2015.

R. Clarke VanDervort
United States Magistrate Judge