IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MOUNTAIN STATE UNIVERSITY, INC.,

    Plaintiff,

v.                              CIVIL ACTION NO. 5:14-16682

THE HIGHER LEARNING COMMISSION,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion to dismiss. (Doc. No. 69).  For reasons expressed more fully below, that motion is **GRANTED** in part and **DENIED** in part.

## I.  Background

According to the Amended Complaint, Mountain State University ("MSU") was a private, § 501(c)(3) non-profit institution of higher education located in West Virginia. Amended Complaint ¶ 1.  Defendant, the Higher Learning Commission ("HLC") is the regional accrediting agency for degree-granting post-secondary educational institutions in West Virginia.  See id. at ¶ 2.  On or about June 28, 2012, the HLC decided to withdraw MSU's accreditation effective August 27, 2012.  See id. at ¶ 36.  Because of this loss of accreditation, MSU was forced to close its doors.  See id. at ¶ 39.

On May 20, 2014, plaintiff filed the instant lawsuit and an Amended Complaint was filed on June 24, 2015.  The Amended

Complaint contains three claims: Federal Common Law Due Process (Count I), gross negligence (Count II), and tortious interference with advantageous economic relations (Count III).  HLC has moved to dismiss Counts II and III of the Amended Complaint, arguing that both state law claims are preempted by the Higher Education Act.  HLC also argues that Count II for gross negligence is subject to dismissal because MSU has failed to support its conclusory allegations of gross negligence and that such a claim is barred by the economic loss doctrine.  With respect to the tortious interference claim, HLC contends that it is insufficiently pled and fails because HLC's conduct was justified.  HLC has also asked the court to "MSU's allegations of bias, and strike MSU's request for re-accreditation."  Doc. No. 70 at p. 20.

In its response to the motion to dismiss, MSU concedes that, under recent Fourth Circuit authority, its gross negligence claim fails as a matter of law.  Accordingly, MSU asked to withdraw that claim.  For this reason, Count II is **DISMISSED**.

## II.  Standard of Review

"[A] motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir.

1989) (citation omitted) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 48 (1957), and <u>Johnson v. Mueller</u>, 415 F.2d 354, 355 (4th Cir. 1969)).  "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."  <u>Mylan Laboratories, Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993); <u>see also</u> <u>Ibarra v. United States</u>, 120 F.3d 474, 474 (4th Cir. 1997).

In evaluating the sufficiency of a pleading, the cases of <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), provide guidance.  When reviewing a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted, a court must determine whether the factual allegations contained in the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and, when accepted as true, "raise a right to relief above the speculative level."  <u>Twombly</u>, 550 U.S. at 555 (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957); 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  <u>Twombly</u>, 127 S. Ct. at 1969.  As the Fourth Circuit has explained, "to withstand a motion to dismiss, a

3

complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" Painter's Mill Grille, LLC v. Brown, 716 F.3d 342, 350 (4th Cir. 2013) (quoting Twombly, 550 U.S. at 570).

According to Iqbal and the interpretation given it by our appeals court,

> [L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes. See Iqbal, 129 S.Ct. at 1949. We also decline to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n. 26 (4th Cir. 2009); see also Iqbal, 129 S. Ct. at 1951-52.

> Ultimately, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Facial plausibility is established once the factual content of a complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, the complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims "'across the line from conceivable to plausible.'" Id. at 1952 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).

> Satisfying this "context-specific" test does not require "detailed factual allegations." Id. at 1949-50 (quotations omitted). The complaint must, however, plead sufficient facts to allow a court, drawing on "judicial experience and common sense," to infer "more than the mere possibility of misconduct." Id. at 1950. Without such "heft," id. at 1947, the plaintiff's claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," id. at 1949, fail to nudge claims "across the line from conceivable to plausible." Id. at 1951.

4

Nemet Chevrolet, LTD v. Consumeraffairs.com, Inc., 591 F.3d 250,
255-56 (4th Cir. 2009).

### III.  Analysis

*Preemption*

The Higher Education Act, which serves as the basis for
federal jurisdiction herein, reads as follows:

> Notwithstanding any other provision of law, any civil
> action brought by an institution of higher education
> seeking accreditation from, or accredited by, an
> accrediting agency or association recognized by the
> Secretary for the purpose of this subchapter and part C
> of subchapter I of chapter 34 of Title 42 and involving
> the denial, withdrawal, or termination of accreditation
> of the institution of higher education, shall be
> brought in the appropriate United States district
> court.

20 U.S.C. § 1099b(f).  Because the statute provides for exclusive
federal jurisdiction over disputes between institutions of higher
education and accrediting agencies "involving the denial,
withdrawal, or termination of accreditation," the United States
Court of Appeals for the Seventh Circuit has held that federal,
not state, law should govern such disputes.  Chicago Sch. of
Automatic Transmissions, Inc. v. Accreditation Alliance of Career
Schools and Colleges, 44 F.3d 447, 449 (7th Cir. 1994).  As Judge
Easterbrook writing for the court explained:

> Accreditation serves a federal function, and . . .
> Congress provided for exclusive federal jurisdiction of
> any suit by a school or college protesting the denial
> or withdrawal of accreditation by "an accrediting
> agency or association approved by the Secretary" of
> Education.  20 U.S.C. § 1099b(f).  Congress did not

5

> specify a source of law for these suits, but it is hard
> to see how state law could govern when federal
> jurisdiction is <u>exclusive</u>.  It is hard enough to be a
> ventriloquist's dummy in diversity suits under <u>Erie</u>; it
> is all but impossible to see how federal courts could
> apply state law to the actions of accrediting agencies
> when state courts have been silenced by the provision
> for exclusive jurisdiction.  If a grant of federal
> jurisdiction sometimes justifies creation of federal
> common law, . . . a grant of exclusive federal
> jurisdiction necessarily implicates the application of
> federal law.

<u>Id.</u> (emphasis in original).

Relying on the <u>Chicago School</u> decision, HLC argues that plaintiff's state law tortious interference claim is preempted. This court agrees with defendant that the Seventh Circuit's position has merit.  Indeed, our appeals court suggested as much just last year.  Although the Fourth Circuit did not reach the preemption issue, it indicated that a "serious question of cognizability exist[ed]" with respect to using state law to challenge an accreditation decision.  <u>Professional Massage Training Ctr., Inc. v. Accreditation Alliance of Career Schools and Colleges</u>, 781 F.3d 161, 180 n.3 (2015).  The court declined to decide "the broader question as to whether Congress intended to preempt state law causes of action through the grant of exclusive federal jurisdiction in § 1099b(f), because the state law claims [therein were] meritless on their own accord."  <u>Id.</u>

West Virginia recognizes a cause of action for tortious interference with contractual relations.  <u>Torbett v. Wheeling Dollar Savings and Trust Co.</u>, 173 W. Va. 210, 215 (1983).  In so

doing, West Virginia's Supreme Court of Appeals relied upon the Restatement (Second) of Torts, quoting from it extensively. Section 766 of the Restatement (Second) of Torts sets out the tort of intentional interference with an existing contract and provides that:

> One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the third person's failure to perform the contract.

Restatement (Second) of Torts § 766.

In <u>Torbett</u>, the court held that to make out a prima facie case of tortious interference, a plaintiff must show (1) the existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages. <u>Torbett</u>, 173 W. Va. at 217.[1]  Even if a plaintiff makes out a prima facie case of tortious interference, "[d]efendants are not liable for interference . . . if they show defenses of legitimate competition between plaintiff and themselves, their financial interest in the induced party's business, their responsibility for another's welfare, their intention to influence another's

---

[1] Although <u>Torbett</u> dealt with intentional interference with a prospective contractual relationship, it also discusses interference with existing contracts.

business policies in which they have an interest, their giving of honest, truthful requested advice, or other factors that show the interference was proper." Garrison v. Herbert J. Thomas Memorial Hosp. Ass'n, 190 W. Va. 214, 221 (1993).

It seems to the court that it may be unnecessary to reach the issue of whether the Fourth Circuit would find that plaintiff's state law tortious interference claim is preempted. If defendant fails to prevail on Count I, then surely HLC will have shown that any interference was proper and, accordingly, the tortious interference claim will likewise fail. For this reason, the court declines to dismiss the tortious interference claim at this time. Defendant may, however, renew their preemption argument via a summary judgment motion.

### IV.  Conclusion

For the reason explained herein defendant's motion to dismiss Count II is **GRANTED** and the motion is **DENIED** in all other respects. The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 16th day of February, 2016.

ENTER:

David A. Faber
Senior United States District Judge

8