**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **MOUNTAIN STATE UNIVERSITY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:14-16682** |
| | ) | |
| **THE HIGHER LEARNING COMMISSION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff (hereinafter "MSU") has filed a ***Notice of Rule 30(B)(6) Videotaped Deposition of Defendant The Higher Learning Commission*** pursuant to Rule 30(b )(6) of the Federal Rules of Civil Procedure. (Document No. 75-1.)  Defendant (hereinafter "HLC") filed a ***Motion for a Protective Order*** on December 14, 2015 along with its ***Memorandum of Law in Support of its Motion for a Protective Order***. (Documents Nos. 75 and 76.)  Plaintiff filed its ***Response*** on December 30, 2015. (Document No. 78.) Defendant filed its ***Reply*** on January 6, 2016. (Document No. 79.)   Having examined the record and considered applicable law, the undersigned has determined that Defendant's ***Motion to for a Protective Order*** (Document No. 75.) should be granted.

## BACKGROUND, PLAINTIFF'S MOTION AND DEFENDANT'S RESPONSE

Plaintiff filed its Complaint initiating this matter on May 20, 2014. (Document No. 1.) Plaintiff claims that Defendant, a regional college and university accrediting agency, (1) withdrew Plaintiff's accreditation in violation of Plaintiff's common law right of due process (Counts I and II), (2) acted with gross negligence in reaching its decision to withdraw Plaintiff's accreditation (Count III), and (3) tortiously interfered with Plaintiff's contractual relationship with its students (Count IV).

Plaintiff filed a ***Motion to Compel Discovery*** on February 27, 2015. (Document No. 41.) Defendant filed its ***Response*** on March 16, 2015. (Document Nos. 45, 46.)  Plaintiff filed its ***Reply*** on March 23, 2015. (Document No. 55.)

On March 25, 2015, Defendant filed a ***Supplemental Memorandum in Support of its Opposition to Plaintiff's Motion to Compel, Notifying the Court of New Fourth Circuit Precedent***. (Document No. 56.) Defendant cites the Fourth Circuit's decision in Professional Massage Training Center, Inc., v. Accreditation Alliance of Career Schools & Colleges, 781 F.3d 161 (4th Cir. 2015). In that case, the plaintiff sued Defendant, a private accreditation agency over the agency's denial of its application for re-accreditation alleging violation of common law due process, breach of contract, negligence, and tortious interference with business and contractual relations. The District Court entered judgment for plaintiff and awarded monetary damages and full reinstatement of accreditation. The Fourth Circuit reversed the District Court's rulings stating as follows and Defendant indicates:

> The district court's review here did not adhere to the appropriate standard in a number of regards. The court greatly expanded the administrative record, held a full multi-day bench trial, received depositions and live testimony in a way that sought to make itself the primary investigator and finder of fact, and went far beyond the focus on procedural fairness to refashion the accreditation decision on the merits. To that end, the district court was remedially aggressive not only in its awarding of a large amount of damages, but also in ordering that the institution in question be re- accredited, thereby overturning the judgment and expertise of an agency that in this case rested on a sound and supportable basis. All in all, and without question, the district court conducted an impermissible de novo review.

Professional Massage Training Center, Inc., 781 F.3d at 172. Defendant asserts that "[b]ased upon this reasoning, . . . [Plaintiff] is not permitted to take the requested depositions and impermissibly expand the scope of discovery."

On September 30, 2015, Magistrate Judge VanDervort entered a ***Memorandum Opinion***

***and Order*** denying MSU's Motion to Compel.  (Document No. 73.)   Specifically, Judge

VanDervort held:

> Plaintiff has indicated that in taking the depositions of the nine
> witnesses it intends to inquire about documents and information
> beyond the record which Defendant considered in reaching its
> decision to terminate Plaintiff's accreditation. Plaintiff does not
> contend that circumstances exist which permit inquiry beyond the
> record or explain otherwise how the extraneous documents and
> information might be material or relevant to the Court's inquiry in this
> matter. Rather, it appears that Plaintiff is speculating that such
> documents and information exist and may have some relevance to
> this proceeding. Considering the limited scope of the Court's inquiry
> in this matter and the general principle that discovery on the basis of
> mere speculation is prohibited, the Court will deny Plaintiff's Motion
> to Compel the depositions of the nine persons.

Id. at p. 6.

On December 4, 2015, Plaintiff filed a ***Notice of Rule 30(B)(6) Videotaped Deposition of***

***Defendant The Higher Learning Commission*** pursuant to Rule 30(b )(6) of the Federal Rules of

Civil Procedure. (Document No. 75-1.) The notice contains twenty-eight (28) topics of inquiry

seeking that the Defendant produce a witness or witnesses to discuss various parts of the

"administrative record" that the defendant used to  "rely upon" in justifying its decision to

withdraw the Plaintiff's accreditation.  **Id**.

Defendant filed its ***Motion for a Protective Order*** on December 14, 2015, along with its

***Memorandum of Law in Support of its Motion for a Protective Order***. (Documents Nos. 75, 76.)

Defendant argues that MSU's Rule 30(b)(6) Notice contravenes Judge VanDervort's September

30, 2015, ***Memorandum Opinion and Order*** and binding law; that MSU's notice is harassing,

burdensome, and not permitted under the federal rules; and finally that the Defendant is entitled to

fees related to bringing this motion.

Plaintiff filed its ***Response*** on December 30, 2015. (Document No. 78.)  MSU argues that

it is no longer seeking discovery "outside" the administrative record, rather it is now seeking

testimony from HLC to explain from "within" the administrative record the justification for the

HLC's decisions.  MSU argues that this is consistent with Magistrate Judge VanDervort's Order of September 30, 2015. Furthermore, MSU argues that, should this Court grant the protective order, it would be unjust for this Court to award fees or expenses in this matter pursuant to **Rule** 37(a)(5)(iii) of the Federal Rules of Civil Procedure.

Defendant filed its ***Reply*** on January 6, 2016. (Document No. 79.)  Essentially, HLC argues that Judge VanDervort clearly set forth the very limited circumstances where discovery is permissible, namely: that a court can allow additional discovery where the plaintiff makes a strong showing of bad faith, improper behavior, or personal bias. (**Id.** at p. 2.)  HLC argues that MSU has failed to allege or establish that any of those exceptions exist in this matter. Furthermore, HLC argues that to allow the inquiry in this matter via a Rule 30(b)(6) deposition would lead to the very "type of open-ended discovery" that the case law prohibits.  This matter is now ripe for decision by this Court.

## DISCUSSION

Judge VanDervort, set forth the very limited circumstances wherein a party can seek discovery beyond the administrative record.  Specifically, Judge VanDervort found:

> It is well established that in considering an accrediting agency's decision, Court's are generally limited to examining the record which was before the accrediting agency at the time it reached its decision. Courts may, however, look beyond the record when certain circumstances are evident. For example, as the Fourth Circuit stated in Professional Massage Training Center, Inc., "[a] federal court may be justified in conducting a more searching inquiry into motivations of administrative decision makers in the case of 'a strong showing of bad faith or improper behavior.'" Professional Massage Training Center, Inc., 781 F.3d at 177 - 178, quoting Citizens to Preserve Overton Park, Inc., v. Volpe, 410 U.S. 402, 420, 91 S.Ct. 814, 28 L.Ed. 2d 136 (1971), abrogated on other grounds by Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). See also Sojourner-Douglass College v. Middle States Association of Colleges and Schools, 2015 WL 5091994 at *32 (D.Md.). Courts may also look beyond the record when it is evident that personal bias entered into the decisional process. Professional Massage Training

> Center, Inc., 781 F.3d at 178; see also Foundation for Interior Design Education Research v. Savannah College of Art and Design, 39 F.Supp. 2d 889, 897 (W.D.Mich. 1998). Courts have likewise limited discovery to matters of record before accrediting agencies in making accreditation decisions unless bad faith, improper behavior or bias is evident. Foundation for Interior Design Education Research v. Savannah College of Art and Design, 39 F.Supp. 2d at 897; Philadelphia Wireless Technical Institute v. Accrediting Commission of Career Schools and Colleges of Technology, 1998 WL 744101 at * 9 - 10 (E.D.Pa.).

(Document No. 73 at pp. 5-6.)  Plaintiff has not alleged that any of these "limited" circumstances exist that would allow it to go beyond the administrative record.  Instead, Plaintiff argues that MSU is requesting the 30(b)(6) deposition to inquire, **within** the administrative record, to the justification for the decision made by HLC in this case.  In essence, MSU argues that by limiting the 28 topics of inquiry to "**evidence and/or documents in the administrative record**" that it is in compliance with Judge VanDervort's **_Memorandum Opinion and Order_** and the case law of Professional Massage Training Ctr., Inc. v. Accreditation Alliance of Career Schools & Colleges, 781 F.3d 161 (4th Cir. 2015).  MSU further claims that, denying it the ability to depose HLC about the specific facts that supported HLC's conclusions to deny accreditation, would cause the trier of fact in this case to "speculate" as to the basis for HLC's conclusions.

The undersigned finds that the taking of a Rule 30(b)(6) deposition of HLC's representatives would expand the record beyond "the record that was before the accrediting agency at the time that the agency reached its decision." (See Judge VanDervort's **_Opinion_** at Page 5; Document No. 73.)  As Judge VanDervort found, courts are limited to reviewing the record that existed at the time the decision was made.  Allowing a 30(b)(6) deposition would expand the record beyond the evidence that existed at the time and cause the very type of expansive discovery or fishing expedition that a "substantial evidence" review prohibits except when a party makes a strong showing of bad faith, improper behavior or bias.  While MSU alleges in its complaint that HLC "improperly" relied upon other agencies findings and "improperly" withdrew MSU's

accreditation, those mere allegations do not rise to the level of a "strong showing" of improper behavior that would justify allowing discovery in this case pursuant to Rule 30(b)(6).

In summary, MSU attempts to bootstrap the Rule 30(b)(6) deposition request into compliance with Judge VanDervort's Opinion by seeking to restrict the deposition to "evidence and/or documents in the administrative record." Seeking testimony, even pursuant to Rule 30(b)(6), however, has the effect of expanding the record beyond the "administrative record" relied upon by HLC. Since MSU has not made a strong showing of bad faith, improper behavior or bias, the Rule 30(b)(6) deposition of HLC is precluded. Therefore, the undersigned hereby **GRANTS** HLC's ***Motion for a Protective Order***.

Rule 37(a)(5)(iii) of the Federal Rules of Civil Procedure provides that a court must not order expenses if "other circumstances make an award of expenses unjust." The undersigned believes that an award of expenses would be unjust in this matter due to the fact that MSU believed it was acting within the scope of Judge VanDervort's September 30, 2015 ***Memorandum Opinion and Order***. Therefore HLC's request for expenses in seeking a protective order in this matter is **DENIED**.

Accordingly, it is hereby **ORDERED** that Defendant's ***Motion for a Protective Order*** (Document No. 75.) is **GRANTED** and its request for an award of expenses is **DENIED**.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel of record.

ENTER: March 14, 2016.

_____
Omar J. Aboulhosn
United States Magistrate Judge